BENJAMIN B. WAGNER
United States Attorney
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone: (916) 554-2821
Facsimile:  (916) 554-2900
Email: edward.olsen@usdoj.gov

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH GENE MONTGOMERY,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | CASE NO.  2:15-CV-01283-TLN-CMK<br><br>**STIPULATION AND ORDER APPROVING COMPROMISE SETTLEMENT AGREEMENT AND DISMISSING ACTION WITH PREJUDICE** |

IT IS HEREBY STIPULATED by and between Plaintiff Kenneth Gene Montgomery and Defendant United States of America, by and through their attorneys of record, that this action shall be settled and dismissed with prejudice on the following terms:

(1)     The United States of America agrees to pay Plaintiff Kenneth Gene Montgomery the sum of One Hundred Fifty Thousand Dollars and no cents ($150,000.00), which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting and to result, from the same subject matter that gave rise to the above-captioned lawsuit, including any claims for wrongful death, for which Plaintiff and his heirs, executors, administrators, or assigns, and

SETTLEMENT AGREEMENT                         1

each of them, now have or may hereafter acquire against the United States of America, its agencies, agents, servants, and employees.

(2)   Plaintiff and his guardians, heirs, executors, administrators or assigns agree to accept the sum set forth in Paragraph 1 of this Settlement Agreement in full settlement, satisfaction, and hereby release and discharge the United States and all of its agencies, past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of action, liens, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, foreseen or unforeseen, known or unknown, at law or in equity, arising out of the allegations set forth in Plaintiff's Complaint, including but not limited to any claims for costs, expenses, attorneys' fees, or damages of any sort.

(3)   This Settlement Agreement is not, and is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the parties, their agents, servants, or employees, and it is specifically denied that the parties are liable to one another.  This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

(4)   This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by this Agreement.

(5)   It is also agreed, by and among the parties, that the settlement amount of One Hundred Fifty Thousand Dollars and no cents ($150,000.00) to Kenneth Gene Montgomery represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by Plaintiff will be paid out of the settlement amount and not in addition thereto.

SETTLEMENT AGREEMENT                                         2

(6) It is also understood by and among the parties that, pursuant to 28 U.S.C. § 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 percent of the amount of the compromise settlement.

(7) Payment of the settlement amount will be made by a check drawn on the United States Treasury for One Hundred Fifty Thousand Dollars and no cents ($150,000.00) and made payable to Kenneth Gene Montgomery and Wilcoxen Callaham LLP.  The check will be mailed to Wilcoxen Callaham, 2114 K Street, Sacramento, California 95816.

(8) Plaintiff has been informed that payment of $150,000.00 could take at least thirty days or more to process, but Defendant agrees to make good faith efforts to expeditiously process said payment.

(9) Plaintiff warrants and represents that no other action or suit with respect to the claims advanced in this case is pending or will be filed in or submitted to any other court, administrative agency, or legislative body.

(10) Plaintiff warrants and represents that he is the sole owner of the claims involved in this case and that he has made no assignment or transfer of all or any part of their rights arising out of the present lawsuit.  Should there be any violation of these warranties and representations, all monies paid herein will be refunded promptly to the Defendant, together with interest thereon at the rate provided in 26 U.S.C. §  6621(a).

(11) Plaintiff and his attorneys are responsible for payment of any taxes that may be due on the settlement proceeds and the United States makes no warranties, representations, promises and/or assurances of any type concerning the federal or state tax consequences, effects and/or implications concerning any of the matters referenced in this Agreement.

(12) This Settlement Agreement contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof.  No promise or inducement has been made except as set forth herein, and no

SETTLEMENT AGREEMENT 3

representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

(13)   The terms of this Settlement Agreement may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

(14)   The parties acknowledge that the preparation of this Settlement Agreement was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this agreement or any term or provision hereof.

(15)   The provisions of this Settlement Agreement are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Settlement Agreement.

(16)   Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Settlement Agreement.

(17)   If either Plaintiff or Defendant at any time believes that the other party is in breach of this Settlement Agreement, that party shall notify the other party of the alleged breach.  The other party shall then have thirty (30) calendar days to cure the breach or otherwise respond to the claim.  The parties shall make a good faith effort to resolve any dispute arising from or regarding this Settlement Agreement before bringing the dispute to the Court's attention.  Any action to enforce the terms of this Agreement shall be brought in the Federal District Court for the Eastern District of California.

(18)   Plaintiff expressly waives any rights or benefits available pursuant to California Civil Code § 1542, which provides as follows:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

SETTLEMENT AGREEMENT                4

Plaintiff, having been apprised of the statutory language of California Civil Code § 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to this provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injuries and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

(19)   This Settlement Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile, copied, scanned, or other duplicate of a signature shall have the same effect as a manually-executed original.

(20)   The parties agree that this Stipulation of Settlement, including all terms and conditions of comprise settlement and any additional agreements relating thereto, may be made public in their entirety, and plaintiff expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

(21)   Upon execution of this Settlement Agreement by the Parties hereto, the Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, personal representatives, administrators, successors, and assigns.

(22)   The effective date of this Settlement Agreement shall be the latest date in time entered with respect to the signature lines below.

(23)   Upon approval by the Court as provided below, Plaintiff's action against the United States is hereby DISMISSED WITH PREJUDICE in its entirety and the Clerk of the Court is requested to enter this dismissal and release in the official docket and to close the case.

(24)   Notwithstanding the entry of a dismissal herein, the parties agree that the Honorable Troy L. Nunley shall retain jurisdiction to enforce the terms of this compromise settlement.

SETTLEMENT AGREEMENT              5

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have executed this Settlement Agreement on the dates shown below.

Dated:  April 20, 2016                    */s/ Kenneth Gene Montgomery*
                                          KENNETH GENE MONTGOMERY
                                          Plaintiff

Dated:  April 20, 2016                    */s/ Walter H. Loving, III*
                                          Walter H. Loving, III
                                          WILCOXEN CALLAHAM LLP
                                          Attorneys for Plaintiff

Dated: April 20, 2016                     BENJAMIN B. WAGNER
                                          United States Attorney

                                          */s/ Edward A. Olsen*
                                          EDWARD A. OLSEN
                                          Assistant United States Attorney
                                          Attorneys for Defendant

## ORDER

Pursuant to the parties' stipulation, the above-captioned action is hereby DISMISSED with prejudice.  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 21, 2016

                                          _____
                                          Troy L. Nunley
                                          United States District Judge